**Bonnie BOURNE, an individual, d/b/a Bourne Co., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 408, Docket 28583.**

United States Court of Appeals
Second Circuit.

Argued May 11, 1964.

Decided May 15, 1964.

Walter Beck, of Phillips, Nizer, Benjamin, Krim & Ballon, New York City (Charles J. Moos, of Fink, Weinberger & Levin, New York City, on the brief), for petitioner.

Melvin Pollack, Atty., National Labor Relations Bd., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Duane R. Batista, Washington, D. C., Atty., on the brief), for respondent.

Before KAUFMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM:

This is a petition to set aside an order of the Board, 144 N. L. R. B. No. 75, in which the Board found that petitioner violated Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) (1958). Petitioner was ordered to cease and desist from:

"creating an impression among employees that their union activities are under surveillance; instructing employees to dissuade other employees from joining or engaging in activities in behalf of a labor organization; giving employees money or other benefits to influence them in regard to their union activities; [and] interrogating employees concerning their union activities * * * "

The Board requests that its order be enforced.

■ We hold that with respect to surveillance, instructing employees to dissuade union activity, and payment of money, the Board's order is authorized by law and supported by substantial evidence, Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L. Ed. 456 (1951), but that the facts established before the Board are insufficient to sustain the broad ban on interrogation. We accordingly set aside the order with respect to interrogation and grant enforcement of the other portions of the order.

■ Under our decisions interrogation, not itself threatening, is not held to be an unfair labor practice unless it meets certain fairly severe standards. N. L. R. B. v. Firedoor Corp., 291 F.2d

328 (2d Cir.), cert. denied, 368 U.S. 921, 82 S.Ct. 242, 7 L.Ed.2d 136 (1961); N. L. R. B. v. Syracuse Color Press, Inc., 209 F.2d 596 (2d Cir.), cert. denied 347 U. S. 966, 74 S.Ct. 777, 98 L.Ed. 1108 (1954); N. L. R. B. v. Montgomery Ward & Co., 192 F.2d 160 (2d Cir. 1951).

These include:

(1) The background, i. e. is there a history of employer hostility and discrimination?

(2) The nature of the information sought, e. g. did the interrogator appear to be seeking information on which to base taking action against individual employees?

(3) The identity of the questioner, i. e. how high was he in the company hierarchy?

(4) Place and method of interrogation, e. g. was employee called from work to the boss's office? Was there an atmosphere of "unnatural formality"?

(5) Truthfulness of the reply.

■ Examination of the record, interpreted in the light most favorable to the Board, indicates that the interrogation involved here did not in any realistic sense meet the tests set forth.

(1) There is very little to show any pattern of employer hostility and discrimination.

(2) The information sought was quite general. "How is the union doing?"; "Are the employees for the union?" rather than specifically "Who are the ring leaders?" "Who has joined?" etc.

(3) The principal interrogation was by low ranking supervisors.

(4) The employees were interrogated informally while at work.

(5) In general the replies were truthful, i. e. there was no evidence that the interrogation actually inspired fear.

The order of the Board is modified by striking from paragraph 1 the words "interrogating employees concerning their union activities." Enforcement of the order as thus modified is granted.