FRESH & EASY NEIGHBORHOOD
MARKET, INC., Petitioner

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent

United Food and Commercial Workers
International Union, Intervenor.

Nos. 11–1052, 11–1126, 11–1311, 11–1335.

United States Court of Appeals,
District of Columbia Circuit.

March 5, 2012.

Joshua Lee Ditelberg, Molly Kristine Eastman, Isabel Lazar, Seyfarth Shaw LLP, Chicago, IL, Stuart Newman, Seyfarth Shaw LLP, Atlanta, GA, John J. Toner, Seyfarth Shaw LLP, Washington, DC, for Petitioner.

Linda Dreeben, Deputy Associate General Counsel, Jill A. Griffin, Meghan Brooke Phillips, Esquire, National Labor Relations Board, Washington, DC, for Respondent.

David A. Rosenfeld, Weinberg, Roger & Rosenfeld, Alameda, CA, for Intervenor.

Before: ROGERS, TATEL and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the agency, and on the briefs and oral argument of the parties. It is **ORDERED AND ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

The National Labor Relations Board found that Fresh & Easy Neighborhood Market ("Fresh & Easy") violated Section 8(a)(1) of the National Labor Relations Act by maintaining an unlawful no-distribution rule, interrogating two employees about their contacts with the United Food and Commercial Workers Union ("Union"), and creating the impression that those employees' union activities were under surveillance. The Board's remedial order, as clarified upon the Union's motion for reconsideration, directs Fresh & Easy to post a remedial notice relating to the interrogation, impression of surveillance, and unlawful no-distribution rule in its Las Vegas area stores, and to post a separate remedial notice relating to the unlawful no-distribution rule in all of its other stores. Fresh & Easy challenges each of the Board's findings and claims that the area- and corporate-wide remedies imposed by the Board were overly broad.

We apply the highly deferential substantial evidence test to the Board's findings of fact and application of law to the facts. *United States Testing Co. v. NLRB*, 160 F.3d 14, 19 (D.C.Cir.1998). We must uphold the Board's credibility determinations unless they are "hopelessly incredible or self-contradictory," *Teamsters Local Union No. 171 v. NLRB*, 863 F.2d 946, 953 (D.C.Cir.1988), or "patently unsupportable," *Exxel/Atmos, Inc. v. NLRB*, 28 F.3d 1243, 1246 (D.C.Cir.1994). We "abide [the Board's] interpretation of the Act if it is reasonable and consistent with controlling precedent." *Brockton Hosp. v. NLRB*, 294 F.3d 100, 103 (D.C.Cir.2002). We find the Board's order to be supported by substantial evidence and affirm it in its entirety.

■ First, the Board's conclusion that Fresh & Easy's no-distribution policy violated Section 8(a)(1) is consistent with controlling precedent. When evaluating the legality of a no-distribution policy, the Board first examines whether the policy "explicitly restricts [s]ection 7 activity." If it does, the policy violates the act, and the inquiry ends. *Guardsmark, LLC v. NLRB*, 475 F.3d 369, 374 (D.C.Cir.2007). Here, it is undisputed that prior to September 3, 2009, Fresh & Easy's no-distribution policy explicitly restricted employees' rights to distribute literature during nonworking time in nonworking areas. Because such policies have long been found presumptively invalid, *United Services Auto. Ass'n v. NLRB*, 387 F.3d 908, 914 (D.C.Cir.2004), the Board reasonably found that Fresh & Easy's policy was unlawful on its face, and that the Company's maintenance of it violated Section 8(a)(1).

Fresh & Easy claims, however, that it cured any violation by re-issuing a new

policy in September 2009. The Board's conclusion that Fresh & Easy's revision of its policy was "too little, too late" follows logically from its holding in *Passavant Memorial Area Hospital*, 237 N.L.R.B. 138, 139 (1978), in which it found that a repudiation made just prior to the issuance of the complaint was untimely. Here, Fresh & Easy revised its policy a month *after* the General Counsel issued a complaint.

■ Substantial evidence also supports the Board's finding that a conversation between store manager Barbara Shaw and employees Sumner and Everhart was coercive in nature. As a threshold matter, we defer to the Board's decision to credit the testimony of Sumner and Everhart. Although Fresh & Easy highlighted minor inconsistencies between the employees' testimony, it failed to establish that the testimony was "hopelessly incredible or self-contradictory," *Teamsters Local Union No. 171*, 863 F.2d at 953. Instead, the record fully supports the Board's conclusion that, under the five factors established in *Bourne v. NLRB*, 332 F.2d 47, 48 (2d Cir.1964), "the totality of the circumstances weighs in favor of concluding that the conversation [store manager] Shaw had with [employees] Sumner and Everhart was coercive in nature." *FRESH & EASY NEIGHBORHOOD MKT.*, 356 N.L.R.B. No. 85 (2011), at 11. Specifically, the record shows that (1) Shaw attempted to question the employees about their contacts with the Union and their support for its organizational campaign; (2) Shaw controlled the employees' future with the company and had sole discretion to discipline them; (3) one of the employees evaded the question, suggesting she felt intimidated and coerced.

■ The Board's conclusion that Fresh & Easy created an impression of surveillance regarding the employees' union activities is likewise amply supported by the record. An employer creates an impression of surveillance when an employee would reasonably assume from the employer's statement that her union activities had been placed under surveillance. *PARK N FLY, INC.*, 349 N.L.R.B. 132, 133 (2007). Here, the Board concluded that Shaw's request that Sumner and Everhart write anti-union statements left the employees "believing that management was watching employees and was interested in knowing whether they had any contacts with the Union." *FRESH & EASY*, 356 N.L.R.B. No. 85 at 11. The record shows that neither employee had discussed the Union with Shaw prior to this interaction. Accordingly, the Board reasonably found that Shaw's request gave the employees the impression that management was interested in whether they had any contacts with the Union.

■ Finally, we find that the Board did not abuse its discretion by ordering corporate-wide and area-wide remedies. This Court has upheld the Board's imposition of companywide cease-and-desist orders where the facts of the case indicate that a companywide posting is necessary to remedy or prevent the employer's continuing or future unfair labor practices. *Guardsmark*, 475 F.3d at 380–81. Fresh & Easy disseminated its unlawful distribution to all of its employees through its employee handbook and its intranet site. The Board reasonably concluded, in line with our precedent, that a corporate-wide remedy was necessary to correct this corporate-wide violation. Assuming Fresh & Easy preserved its objection to the area-wide notice, *see Highlands Hosp. Corp. v. NLRB*, 508 F.3d 28, 33 (D.C.Cir.2007), the Board could reasonably conclude, in view of the Union's area-wide campaign, that the additional subjects addressed in the Las Vegas notice were necessary. *See*

*May Dep't Stores, Co. v. NLRB*, 326 U.S. 376, 390, 66 S.Ct. 203, 90 L.Ed. 145 (1945).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).